
```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-1-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAVID FERNANDEZ, JIM AKASALA,
JOSEPH SCUTTS, ROBERT LONGO and
OSWALDO V. LEE, III, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiffs,

                12 Civ. 7193 (PKC)

        -against-

                MEMORANDUM AND ORDER
                ON RECONSIDERATION

WELLS FARGO BANK, N.A., WELLS
FARGO & COMPANY and WFC HOLDINGS
CORPORATION,

                Defendants.
-----------------------------------------------------------x
JOSEPH SCUTTS, DAVID FERNANDEZ,
JIM AKASALA, ROBERT LONGO,
OSWALDO V. LEE, III and FARHAN
HAROON, Individually and on Behalf of All
Others Similarly Situated,

                Plaintiffs,

                12 Civ. 7194 (PKC)

        -against-

WACHOVIA CORP., WACHOVIA BANK
N.A., WELLS FARGO BANK, N.A., WELLS
FARGO & COMPANY and WFC HOLDINGS
CORPORATION,

                Defendants.
-----------------------------------------------------------x

CASTEL, District Judge:

        Plaintiffs move for reconsideration of this Court's Memorandum and Order of August 28, 2013, which denied plaintiffs' motions for conditional certification as a collective action under the Fair Labor Standards Act ("FLSA") and for class certification of their New

Case 1:12-cv-07193-PKC   Document 73   Filed 11/01/13   Page 2 of 4

-2-

York Labor Law ("NYLL") claims under Rule 23, Fed. R. Civ. P. See Fernandez v. Wells Fargo, 2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013). In denying those motions, this Court concluded that plaintiffs had failed to come forward with evidence of a common policy concerning certain allegedly unlawful compensation practices, and therefore failed to make a factual showing that common issues predominated over individual ones. Id. Familiarity with that Memorandum and Order is assumed.

As plaintiffs characterize it, they now seek reconsideration "on a single, narrow issue relating to recorded, unpaid breaks of 20 minutes or less." (Pl. Mem. at 5; emphasis omitted.) In the prior motions, plaintiffs asserted that certain categories of employees were subjected to common policies that unlawfully denied them compensation, specifically including denial of pay for work in opening and closing bank branches, requirements to work through meal breaks without compensation and requirements to perform off-the-clock marketing tasks. See 2013 WL 4540521, at *10-13. In the current motion, plaintiffs seek to certify an FLSA collective action and two NYLL classes consisting of certain employees "who recorded breaks of 20 minutes or less in duration for which they were not paid regular wages and/or overtime compensation." (Pl. Mem. at 5-6.)

These proposed classes are based on a theory of liability that was not raised in plaintiffs' previous motions and is not set forth in the complaints filed in these two actions. (See 12 Civ. 7193, Docket # 59; 12 Civ. 7194, Docket # 52.) Plaintiffs assert that certification of these newly proposed classes would be an appropriate exercise of the Court's inherent power to oversee and manage a class action.

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P. They are "addressed to the sound discretion of the district court[.]" See Mendell

ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple . . . .'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'") (quoting Polsby v. St. Martin's Press, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" Analytical Surveys, 684 F.3d at 52 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

Here, plaintiffs seek certification for an entirely new claim. Additionally, plaintiffs' proposed collective action contains no geographic limitation, and appears to seek certification on a national basis. In their prior motion, plaintiffs sought a collective action only on behalf of employees in the Northeast Region of Wells Fargo branches. Plaintiffs argue that the motion reflects a narrowing of their previously proposed class definitions. (Reply at 3-7.) In truth, this motion raises a new theory of liability on behalf of a national collective action, one that is governed by its own Department of Labor regulation and body of case law. See 29 C.F.R. § 785.18 (rest periods of 5 to 20 minutes "must be counted as hours worked); Solis v. Cindy's Total Care, Inc., 2012 WL 28141, at *9 (S.D.N.Y. Jan 5, 2012) (applying section 785.18). The New York Department of Labor has adopted the language of section 785.18. (See Pl. Ex. 7 (guidance published on New York Department of Labor website).) A motion for reconsideration is not an appropriate vehicle for asserting this expansive new claim.

Separately, Local Civil Rule 6.3 provides that "[n]o affidavits shall be filed by any party unless directed by the Court." See also Nat'l Union, 265 F.3d at 115 (a motion to reconsider may not "advance new facts . . . not previously presented to the Court.") (quotation marks omitted). While plaintiffs have not submitted an affidavit, their memorandum of law attaches new factual materials in the form of thirteen exhibits that total more than 200 pages, including spreadsheets, internal company guidance and the excerpts of deposition transcripts. The Court declines to consider these new factual submissions on this motion to reconsider.

Plaintiffs also contend that, in the event that the motion to reconsider is denied, this Court should grant leave to file a separate motion to certify their claims concerning uncompensated work breaks. However, on September 17, 2013, counsel to plaintiffs commenced a separate action with different plaintiffs that purports to bring NYLL and FLSA claims identical to those raised in the motion to reconsider. Vangelakos, et al. v. Wells Fargo Bank, N.A., et al., 13 Civ. 6574 (S.D.N.Y. Sept. 17, 2013). This newly filed action has been accepted by the undersigned as related under Local Rule 13 of the Rules of Division of Business Among District Judges. The request is denied without prejudice to a motion at the appropriate junction in the newly filed action.

CONCLUSION

Plaintiffs' motions for reconsideration are DENIED. (12 Civ. 7193, Docket # 66; 12 Civ. 7194, Docket # 60.) The Clerk is directed to terminate the motions.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 1, 2013