```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-6-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAVID FERNANDEZ, JIM AKASALA and
JOSEPH SCUTTS, Individually and on Behalf
of All Others Similarly Situated,

                          Plaintiffs,                      12 Civ. 7193 (PKC)

              -against-                          ORDER

WELLS FARGO BANK, N.A., WELLS
FARGO & COMPANY and WFC HOLDINGS
CORPORATION,

                          Defendants.
-----------------------------------------------------------x
JOSEPH SCUTTS, DAVID FERNANDEZ and
JIM AKASALA, Individually and on Behalf of
All Others Similarly Situated,

                          Plaintiffs,                    12 Civ. 7194 (PKC)

              -against-

WACHOVIA CORP., WACHOVIA BANK
N.A., WELLS FARGO BANK, N.A., WELLS
FARGO & COMPANY and WFC HOLDINGS
CORPORATION,

                          Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        The parties have submitted a joint motion for court approval to settle the two related, above-captioned cases, which are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (the "FLSA"), and the New York Labor Law ("NYLL").

        The actions were filed in September 2012. Plaintiffs assert that defendants Wachovia Corp., its successor, Wells Fargo Bank, N.A., and their affiliated entities unlawfully

failed to pay compensation for work performed before and after their scheduled shifts, during their lunch breaks and on weekends. This Court denied plaintiffs' motions for preliminary certification as an FLSA collective action and for certification as a class action under the NYLL. Fernandez v. Wells Fargo Bank, N.A., 2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013), reconsideration denied, 2013 WL 5912158 (S.D.N.Y. Nov. 1, 2013). The settlement is directed exclusively toward the claims of six individual plaintiffs, which are asserted solely on their own behalves.

Under the FLSA, court approval is required for a plaintiff's settlement and waiver of FLSA claims in order "to protect employees from inequality in bargaining powers." Elliott v. Allstate Investigations, Inc., 2008 WL 278648, at *2 (S.D.N.Y. Mar. 19, 2008) (Cote, J.). "The FLSA imposes the obligation to pay unpaid overtime compensation and 'an additional equal amount as liquidated damages' on employers who violate its requirement that overtime wages be paid." Id. (quoting 29 U.S.C. § 216(b)). "The obligation to pay 'liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage.'" Id. (quoting D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946)). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (Furman, J.) (quoting Medley v. Am. Cancer Soc'y, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (Jones, J.)).

2

Under the text of the FLSA, "[t]he Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" Wolinsky, 900 F. Supp. at at 336 (quoting Misiewicz v. D'Onofrio Gen. Contractors Corp., 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). The Court's scrutinizes whether the proposed fees present a conflict between plaintiffs and their counsel, and whether the basis for the fees has been sufficiently documented. Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110 (S.D.N.Y. 1997) (Kaplan, J.).

The Court is highly familiar with the history of this case and the plaintiffs' theories of liability. The parties' joint motion sets forth the terms and history of the proposed settlement, including executed copies of the Settlement Agreement and Release of All Claims for all six plaintiffs. (12 Civ. 7193, Docket # 83.) Including actual and liquidated damages, the six plaintiffs are to receive an aggregate sum of $190,000. Plaintiff Jim Akasala is to receive $18,285.24 in consideration for releasing his claims for lost wages, and an additional $18,285.23 in liquidated damages (Id., Docket # 83-1, at 2); Osvaldo Lee is to receive $14,551.34 for lost wages and the same amount in liquidated damages (Id., Docket # 83-2, at 2); Robert Longo is to receive $10,671.75 for lost wages and the same amount in liquidated damages (Id., Docket # 83-3, at 2); David Fernandez is to receive $17,593.22 for lost wages and $17,593.21 in liquidated damages (Id., Docket # 83-4, at 2); Farhan Haroon is to receive $20,935.03 for lost wages and $5,233.75 in liquidated damages (Id., Docket # 83-5, at 2); and Joseph Scutts is to receive $20,814.07 in lost wages and the same amount in liquidated damages (Id., Docket # 83-6 at 2).

These settlement figures fall on the low end of the plaintiffs' possible range of recovery. At mediation, the plaintiffs presented an estimate that the maximum possible recovery for all plaintiffs, including liquidated damages, would have totaled $1,275,953.47. (Docket # 87, at 4.) However, this estimate offers the highest possible damages estimate, and was premised on plaintiffs successfully litigating a gauntlet of complex issues.

First, plaintiffs' highest-end calculations assume that a jury would find any liability on the part of the defendants. Second, the Court would have had to determine that plaintiffs' allegedly lost wages should be calculated using a time-and-a-half formula, rather than the fluctuating work-week model. See generally Davis v. Abercrombie & Fitch Co., 2008 WL 4702840, at *7 (S.D.N.Y. Oct. 23, 2008). If the Court had determined that a fluctuating work-week calculation applied, the damages would be reduced by $450,000. (Docket # 87 at 5.) Third, there would need to be a finding that any unlawful conduct was willful. For a portion of plaintiffs' NYLL claims, a finding of willfulness is necessary to allow for a liquidated damages award under NYLL section 198, and a finding of willfulness also extends the FLSA's statute of limitations from two years to three years. 29 U.S.C. § 255(a). Willfulness is generally determined by a trier of fact. If the defendants' conduct was not willful, total damages would have been reduced by another $265,000. (Docket # 87 at 5.) Applying a fluctuating work-week calculation with a finding of non-willfulness, plaintiffs' total damages, including liquidated damages, would drop from $1,275,953.47 to $560,953.47. Even this figure assumes that the plaintiffs would be able to prove that they were denied overtime for all hours claimed, which would have required intricate and precise evidence given that overtime policies were allegedly applied inconsistently and arbitrarily over a period of several years. Thus, there was an extremely broad, difficult-to-predict range of possible recovery, subject to uncertainty and risk

4

on both sides. The Court therefore concludes that, while significantly less than the maximum estimated recovery, the settlement figure is reasonable given the numerous uncertainties that the plaintiffs would have confronted.

These actions were settled at the close of discovery, but prior to the parties' anticipated summary judgment motions. Going forward, litigation expenses would have accrued rapidly. Summary judgment briefing would likely have been voluminous and costly. In the event that the motions did not dispense with the case, the ensuing trial would likely have been complex, expensive and burdensome for parties and witnesses alike.

The Court also concludes that negotiations were conducted at arm's length between experienced counsel, including two sessions with a third-party mediator. (12 Civ. 7193, Docket # 83, at 5.) The Court is satisfied that negotiations occurred in good faith, and there is no basis to suspect that fraud or collusion played any role in reaching the proposed settlements.

Weighing the substantial uncertainties in the remaining phases of this case, the many serious issues yet to be decided, the future expense and the good-faith negotiation undertake between experienced counsel, the proposed settlement amount, which aggregates to a total of $190,000, is approved.

Separately, plaintiffs' counsel seeks $170,000 in attorneys' fees and $65,000 in costs. These sums have been negotiated between counsel and approved by the plaintiffs themselves. If the Court were entertaining a proposed fees' award as part of a Rule 23 class action, it would function as a guardian for the interests of absent class members. See generally In re Bank of Am. Corp. Sec., Derivative & ERISA Litig., 2013 WL 1558686 (S.D.N.Y. Apr. 11, 2013) (discussing court's role as fiduciary for a settlement class). In individual FLSA and NYLL claims, where there are no absent class members and no common fund, the Court's

5

review is directed toward ensuring that the fees were negotiated at arm's length and that the settlement is not to the plaintiffs' detriment. See Cisek, 954 F. Supp. at 110-11.

Here, plaintiffs' counsel argues that they expended 1191.75 hours on this case, which, if billed at their standard hourly rates, would have totaled to a lodestar of $441,730.[1] (12 Civ. 7193, Docket # 83 at 8.) Plaintiffs state that, at $170,000 for 1191.75 hours of work, counsel's rates average less than $143 per hour. (Id.) Based on its familiarity with these actions, the Court observes that the case has been aggressively litigated, including extensive briefing that was accompanied by voluminous exhibits. In addition, as noted, the plaintiffs have executed settlement agreements and waivers of claims that consent to the proposed attorneys' fees and costs.

The Court is satisfied that the fee arrangement was negotiated at arm's length, that the agreed-upon figure was not reached to the plaintiffs' detriment, that the plaintiffs have freely consented to the fee award and that fees of $170,000 are not unreasonable given the duration of the case, its complexity and the number of attorney hours expended in litigation. See, e.g., Cisek, 954 F. Supp. at 111 (approving $13,943.47 in fees when plaintiffs received $10,002.20 in damages when lodestar totaled more than $31,000 and negotiations occurred at arm's length); cf. Mireku v. Red Vision Sys., Inc., 2013 WL 6335978, at *2-3 (S.D.N.Y. Dec. 6, 2013) (Cott, M.J.) (despite "concerns" about the reasonableness of counsel's hourly rates, approving attorneys' fees in FLSA settlement because the final amount was well below the lodestar, the amount was negotiated as part of the settlement and the individual plaintiffs consented to the fees). As in

---

[1] From the Wills Law Firm, lead counsel Rhonda H. Wills billed at a rate of $550 per hour for 368.5 hours. (Wills Aff't ¶ 11.) Her partner, Anthony C. Wills, billed at $475 for 32.25 hours, and an associate, Genevieve Estrada, billed at $200 for 72.25 hours. (Id.) Associate Genevieve Estrada billed at $200 an hour for 72.25 hours. (Id.) The firm's law clerks and paralegals billed at $100 per hour and $75 per hour, respectively, for 38 and 158.75 hours. (Id.) The lodestar of the Wills Law Firm is $248,250. (Id.) John Padilla, a partner at the law firm Padilla, Rodriguez & De La Garza, L.L.P., billed 306 hours at a rate of $475. (Padilla Aff't ¶ 17.) His associates, J. Moises Cedillos and Andrea Zepeda, respectively billed 106 and 110 hours at hourly rates of $250 and $200. (Id.) For Padilla's law firm, the lodestar totals $193,450. (Id.)

Cisek, "[t]here is no reason to conclude that plaintiffs' counsel benefited at the expense of their clients." 954 F. Supp. at 111. The $170,000 fee request is therefore approved.

Plaintiffs' counsel also seek $65,000 in expenses and costs, noting that this amount is smaller than the $67,116.56 actually incurred in costs. As with the proposed fees award, the Court is satisfied that the costs and expenses are not to the plaintiffs' detriment, reflect the parties' arm's-length negotiations and are proposed with the knowledge and consent of the six individual plaintiffs. The $65,000 sum for costs and expenses is therefore approved.

CONCLUSION

In light of the foregoing, the parties' joint motion for approval of the settlement is GRANTED. The Clerk is directed to terminate the motion (12 Civ. 7193, Docket #83; 12 Civ. 7194, Docket # 77) and close the two cases.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 5, 2014